McLAUGHLIN, J., concurred; PATTERSON and LAUGHLIN, JJ., concurred in result.

Judgment reversed, new trial ordered before another referee, costs to appellant to abide event.

---

In the Matter of the Appraisal, under the Act in Relation to Taxable Transfers of Property, of the Property of ALEXANDER C. HUTCHINSON, Deceased.

OTTO KELSEY, as Comptroller of the State of New York, Appellant; TULANE UNIVERSITY OF TULANE, LOUISIANA, and ERNEST B. KRUTTSCHNITT and JOSEPH P. BLAIR, as Executors, etc., of ALEXANDER C. HUTCHINSON, Deceased, Respondents.

*Transfer tax, on a residuary estate, subject to a life estate — the amount paid by the executors for an annuity, and not the value thereof as computed by the Insurance Superintendent, is to be deducted in ascertaining it.*

Where a testator, by his will, after giving annuities to his two sisters, bequeaths his residuary estate to a college corporation, and the executors, pursuant to a recommendation contained in his will, purchase the annuities from an insurance company, the court, in fixing the amount of the transfer tax to be paid by the residuary legatee, will deduct the amount paid by the executors for the annuities, notwithstanding that such amount is greater than the sum which the State Superintendent of Insurance, under the provisions of sections 230 and 232 of the Tax Law (Laws of 1896, chap. 908, as amd.), determines the annuities to be worth.

FIRST DEPARTMENT, JUNE, 1905. [Vol. 105.

APPEAL by Otto Kelsey, as Comptroller of the State of New York, from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 17th day of January, 1905, sustaining the respondents' appeal from an order theretofore entered in said Surrogate's Court, confirming the report of the appraiser, and remitting the matter to the said appraiser for further proceedings.

*Charles M. Russell,* for the appellant.

*William C. Prime,* for the respondents.

INGRAHAM, J.:

The testator was a resident of the city of New Orleans in the State of Louisiana, and died there on the 7th day of December, 1902, leaving a last will and testament which was admitted to probate in the State of Louisiana on the 8th of December, 1902. At the time of his death his total personal estate was valued at $1,020,000, of which there was situated in the State of New York property of the value of $594,185.02. The appraiser deducted for the proportionate amount of expenses of administration, debts and commissions of the executors, the sum of $60,998.74, leaving a net personal estate within the State of New York of $533,186.28. The will of the testator made certain specific bequests, and in addition thereto he gave to his sister, Mrs. H. A. Searles, of Jersey City, N. J., an annuity of $2,000, and to his sister Isabella an annuity of $4,000, and the will contained the following provisions : " Requesting my executors to arrange for these annuities through such life insurance companies as the Mutual, New York Life, or Equitable Life, all of New York." In pursuance of this direction the executors purchased an annuity for Mrs. Searles from the Equitable Life Assurance Society of the United States, paying therefor the sum of $46,203, and purchased a like annuity for the testator's sister Isabella from the Mutual Life Insurance Company for the sum of $28,398.88, making a total sum of $74,601.88 paid for these annuities, and the executors elected that the estate in the State of New York be applied towards the payment of the specific legacies, including the annuities aforesaid, the testator leaving the residuum of his estate to the Tulane University of Louisiana.

This proceeding having been instituted to determine the amount of tax payable upon the personal property situated in the State of New York, the State Superintendent of Insurance, under the provisions of sections 230 and 232 of the Tax Law (Laws of 1896, chap. 908, as amd.), determined that the life annuity to Mrs. Searles was of the value of $21,261, and that the annuity to Isabella Hutchinson was $33,430; and the Comptroller then claimed that the value of these annuities should be fixed at this amount certified by the Superintendent of Insurance, and that amount only deducted from the value of the property of the testator in this State. The surrogate, however, held that as the will contained a direction to purchase annuities from one of the life insurance companies mentioned in the will, the amount that was actually expended by the executors of the property in the State of New York for the purchase of these annuities should be deducted, and not the estimated value of the annuities as determined by the Superintendent of Insurance, and, therefore, directed that the value of the residuary estate to which the Tulane University was entitled, which was subject to taxation, was the amount to be actually received by the residuary legatee, and from that determination the Comptroller appeals.

Section 230 of the Tax Law (Laws of 1896, chap. 908, as amd. by Laws of 1902, chap. 496), in force when the testator died, contains provisions regulating the method of assessing the value of contingent interests in property, the title to which shall have been transferred and upon which transfer a tax is imposed. It is the value of the annuity to the annuitant, or the value of the interest to the person to whom such interest is given, that it was the object of this section of the Tax Law to regulate. Thus, the section provides that whenever a transfer of property is made, upon which there is, or in any contingency there may be, a tax imposed, such property shall be appraised at its clear market value immediately upon such transfer, or as soon thereafter as practicable; that in estimating the value of any estate or interest in property, to the beneficial enjoyment or possession whereof there are persons or corporations presently entitled thereto, no allowance shall be made in respect of any contingent incumbrance thereon, nor in respect of any contingency upon the happening of which the estate or property or some part thereof or interest therein might be abridged, defeated or diminished; that

First Department, June, 1905.          [Vol. 105.

where any property shall, after the passage of the act, be transferred subject to any charge, estate or interest, determinable by the death of any person, or at any period ascertainable only by reference to death, the increase of benefit accruing to any person or corporation upon the extinction or determination of such charge, estate or interest shall be deemed a transfer of property taxable under the provisions of this act in the same manner as though the person or corporation beneficially entitled thereto had then acquired such increase or benefit from the person from whom the title to their respective estates or interests is derived ; that when property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of article 10 of the Tax Law ; and (the provision upon which the Comptroller relied) that " the value of every future or limited estate, income, interest or annuity dependent upon any life or lives in being, shall be determined by the rule, method and standard of mortality and value employed by the Superintendent of Insurance in ascertaining the value of policies of life insurance and annuities for the determination of liabilities of life insurance companies, except that the rate of interest for making such computation shall be five per centum per annum." ·

Thus, it is the value of these annuities to the annuitants which the statute contemplated should be determined by the prescribed method, and I think a consideration of the whole section shows that what the Legislature had in view was to provide a method for the determination of the value of an annuity to the annuitant. There was in this State at the time of the death of the testator certain personal property which was subject to the laws of this State and subject to taxation here. The executors followed the directions contained in the will and purchased the annuities from two of the life insurance companies designated by the testator. To obtain those annuities they have been required to pay a certain sum of money, and that having been paid from the personal property in this State and the executors having elected that those annuities should be chargeable upon the property in this State, the question upon this

appeal is, What is the value of the property transferred by the will to the Tulane University, which is subject to taxation?

Now, what is assessed is the value of the residuary bequest which was transferred to the residuary legatee. It is the value of that property that is the subject of taxation by this proceeding. In other words, what was the fair value of the property in this State which passed to the residuary legatee? And it would seem that the tax upon that transfer is to be based upon the amount that the residuary legatee will actually receive and not upon an assumed value of an annuity to somebody else in which the residuary legatee has no possible interest. The tax is imposed by section 220 of the Tax Law (as amd. by Laws of 1897, chap. 284), which provides that "a tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property, * * * when the transfer is by will or intestate law, of property within the State, and the decedent was a nonresident of the State at the time of his death."

Thus, the tax that is here imposed upon the residuary legatee is a tax upon the transfer of this personal property within this State by the will of the testator to the residuary legatee. The State is certainly not to impose a tax upon the residuary legatee on property that the residuary legatee can never receive and which has been paid out by the executors for the benefit of others in pursuance of a direction contained in the will. The residuary legatee will obtain the property in this State, after deduction of the proper proportion of the debts and expenses of administration and the specific legacies which were actually paid from the property within this State. The result of the determination of the appraiser would be that the residuary legatee would be required to pay a tax upon $66,095.88, which it is not entitled to receive and never can receive — a result certainly not contemplated by the Legislature when imposing a rule by which the value of an annuity should be determined when it became necessary to tax the annuitant.

It follows, therefore, that the surrogate was right in sustaining the exception by the residuary legatee to the report of the appraiser, and directing a reappraisement which should fix the value of the

interest of the residuary legatee in the amount that it will actually receive by virtue of the transfer of the property of the decedent within this State, and the order appealed from is, therefore, affirmed, with costs.

PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order affirmed, with costs.